REDMANN, Judge.
Plaintiff association of condominium owners appeals from the dismissal, on exception of no cause of action, of its petition ■for assessments against one of its members.
Defendant theorized that the resolution of the board of directors accelerating the balance of the year’s monthly assessments and authorizing the filing of a lien and this lawsuit was ineffective because the resolution was signed only by the president and the secretary instead of by all directors. We conclude that defendant misreads the corporate by-laws (cited in and attached to the petition).
The first by-law she cites[1] authorizes board action by written consent instead of by meeting (as authorized for corporations generally by La. R.S. 12:81 C(9)); it does not require that directors sign a resolution adopted at a meeting.
The second by-law defendant cites[2] appears to allow board action by a combina *282 tion of a quorum-short meeting plus written consent by absent directors, for it counts absent directors as present if they sign and concur in the minutes. But it does not override the standard procedure of a board that acts by voting in person (or by proxy if authorized) at a meeting, expressly provided by these by-laws: “The acts of the Board approved by 51% of votes present at a meeting at which a quorum is present shall constitute the acts of the Board of Directors .... ”
Reversed; exception overruled.

. Any action which may be taken at a meeting of the board or of any committee thereof may be taken by a consent in writing signed by all of the directors or by all members of the committee, as the case may be, and filed with the records of proceedings of the Board or committee.

. A quorum at directors’ meetings shall consist of the directors entitled to cast 51% of the votes of the entire Board. The acts of the Board approved by 51% of votes present at a meeting at which a quorum is present shall constitute the acts of the Board of Directors, except as specifically otherwise provided by law or in the Condominium Declaration, Arti *282 cles of Incorporation, or these By-Laws. If at any meeting of the Board of Directors less than a quorum is present, the majority of those present may adjourn the meeting from time to time until a quorum is present. At an adjourned meeting any business which might have been transacted at the meeting as origi-naliy called may be transacted without further notice. The joinder of a director in the action of a meeting by signing and concurring in the minutes thereof shall constitute the presence of such director for the purpose of determining a quorum.